

SEP 12 2000  JK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PERRY MADSEN,

    Plaintiff,

v.

JUDGE PHILLIPS, et al.,

    Defendants.

CASE NO. C00-1277P

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND

The Court, having reviewed the complaint and record, does hereby find and ORDER:

(1) To sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must assert that (a) the defendant acted under color of state law, and (b) the defendant's conduct deprived the plaintiff of a constitutional right. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988); <u>Rinker v. Napa County</u>, 831 F.2d 829, 831 (9th Cir. 1987). In addition, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981).

Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489-90 (1973); <u>Young v. Kenny</u>, 907 F.2d

ORDER DECLINING TO SERVE
AND GRANTING LEAVE TO AMEND
Page - 1

7

1  874, 875 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991).
2  In Heck v. Humphrey , 512 U.S. 477 (1994), the United States
3  Supreme Court held that a § 1983 claim that calls into question
4  the lawfulness of a plaintiff's conviction or confinement does
5  not accrue "unless and until the conviction or sentence is
6  reversed, expunged, invalidated, or impugned by the grant of a
7  writ of habeas corpus." Id. at 489.
8       (2)  The Court declines to order that Plaintiff's complaint
9  be served on Defendants until he corrects the deficiencies
10 identified below:
11      (a)  Plaintiff appears to allege in his civil rights
12 complaint that his constitutional rights were violated by the
13 conduct of King County Superior Court Judge Darrel Philips, King
14 County Deputy Prosecuting Attorney Sharon Hayden and King County
15 Probation Officer Heather Schwall.
16      The Supreme Court of the United States has held that, in
17 light of common law immunity principles, persons who perform
18 official functions in the judicial process are absolutely immune
19 from liability for damages under 42 U.S.C. § 1983. Briscoe v.
20 LaHue, 460 U.S. 325, 334-36 (1983). Prosecutors have
21 specifically been accorded absolute immunity from section 1983
22 claims for acts done within the scope of their official duties.
23 Imbler v. Pachtman, 424 U.S. 409 (1976). "If the prosecutor
24 acts as an advocate 'in initiating a prosecution and in
25 presenting the State's case,' absolute immunity is warranted."
26
27 ORDER DECLINING TO SERVE
   AND GRANTING LEAVE TO AMEND
28 Page - 2

*Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir. 1984) (quoting *Imbler*, 424 U.S. at 430-431). In addition, "probation officers preparing reports for the use of state courts possess an absolute judicial immunity from damage suits under [§] 1983 arising from acts performed within the scope of their official duties." *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1986).

The allegations made by Plaintiff against Defendant Philips appear to represent actions taken by this judicial officer in his official capacity. Defendant Philips is therefore absolutely immune from liability for damages in this action. Likewise, the allegations made by Plaintiff against Defendant Hayden appear to represent actions taken in her role as an advocate for King County. Finally, the allegations made by Plaintiff against Defendant Scwall appear to arise from acts she performed within the scope of her official duties for King County. Accordingly, they are immune from liability for damages in this § 1983 action.

(c) Finally, the allegations set forth in the complaint arise out of a criminal investigation of Plaintiff and his subsequent prosecution. It appears likely that a decision on these claims would call into question the validity of Plaintiff's present confinement. In order to proceed on these claims, Plaintiff must demonstrate that his claims against are not barred by *Heck*.

ORDER DECLINING TO SERVE
AND GRANTING LEAVE TO AMEND
Page - 3

1  (3) Plaintiff may file an amended complaint curing the
2 above-mentioned deficiencies within thirty days of the date on
3 which this Order is signed. The amended complaint must carry
4 the same case number as this one. If no amended complaint is
5 timely filed, or if Plaintiff fails to correct the deficiencies
6 identified in this Order, the Court will dismiss this action for
7 failure to state a claim under 28 U.S.C. § 1915(e)(2).
8  (4) The Clerk is directed to send Plaintiff the
9 appropriate forms so that he may file an amended complaint. The
10 Clerk is further directed to send copies of this Order, and of
11 the General Order, to Plaintiff and a copy of this Order to the
12 Honorable Marsha J. Pechman.
13  DATED this 12 day of September, 2000.

MONICA J. BENTON
United States Magistrate Judge

27 ORDER DECLINING TO SERVE
AND GRANTING LEAVE TO AMEND
28 Page - 4