FILED ___ ENTERED
LODGED ___ RECEIVED

JAN 16 2001 ZG

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPU

___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

JAN 12 2001

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PERRY MADSEN,                        )
                                     )
                Plaintiff,           )      CASE NO.    C00-1277P
                                     )
        v.                           )      REPORT AND RECOMMENDATION
                                     )
JUDGE PHILLIPS, et al.,              )
                                     )
                Defendants.          )
                                     )

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff files this 28 U.S.C. § 1983 action challenging the fact and duration of his confinement as excessive under the Eighth Amendment. (Dkt. # 8). Plaintiff alleges that everyone at the Kent Municipal Court, "has a vendeta (sic) against me, and they discriminate and harass me," and requests damages in the amount of $850,000. Id. Plaintiff was granted leave to proceed in forma pauperis and lodged his § 1983 Complaint with this Court on July 31, 2000. Plaintiff later filed his Complaint again with the Court on September 6, 2000. (Dkt. # 5). Subsequently, on September 12, 2000, this Court issued an Order Declining to Serve and Granting Leave to Amend. (Dkt. # 7). In the Order, the Court noted that Plaintiff's claims appeared to be barred by Heck v. Humphrey, 512 U.S. 477 (1994), because he challenges the lawfulness of his conviction and confinement instead of the conditions of his confinement as required by § 1983. The Order also addressed the deficiencies in Plaintiff's Complaint due to him suing the Defendants, all public officials, in their official capacities. On November 3, 2000, Plaintiff filed an Amended Complaint. (Dkt. # 8). The Amended Complaint was

REPORT AND RECOMMENDATION
PAGE - 1

12

1 virtually identical to the original Complaint and failed to correct any of the deficiencies
2 identified in the Order Declining to Serve. Therefore, this Court recommends dismissal of this
3 action for failure to state a claim under 28 U.S.C. § 1915(e)(2).

## II. DISCUSSION

**A. The named Defendants are not "persons" under 28 U.S.C. 1983.**

Plaintiff appears to allege in his civil rights complaint that his constitutional rights were violated by the conduct of King County Superior Court Judge Darrel Philips, King County Deputy Prosecuting Attorney Sharon Hayden and King County Probation Officer Heather Schwall. To sustain a cause of action under 28 U.S.C. § 1983, a plaintiff must assert that (a) the defendant acted under color of state law, and (b) the defendant's conduct deprived the plaintiff of a constitutional right. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988); Rinker v. Napa County, 831 F.2d 829, 831 (9th Cir. 1987). In addition, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).

The Supreme Court of the United States has held that, in light of common law immunity principles, persons who perform official functions in the judicial process are absolutely immune from liability for damages under 28 U.S.C. § 1983. Briscoe v. LaHue, 460 U.S. 325, 334-36 (1983). The allegations made by Plaintiff against Defendant Darrel Philips for his discussion with Prosecutor Hayden regarding the prosecution's recommend sentence and the imposition of Plaintiff's sentence, represent actions taken by this judge in his official capacity. Defendant Philips is therefore absolutely immune from liability for damages in this action.

Prosecutors have specifically been accorded absolute immunity from § 1983 claims for acts done within the scope of their official duties. Imbler v. Pachtman, 424 U.S. 409 (1976). "If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted." Ybarra v. Reno Thunderbird Mobile Home Village,

1    723 F.2d 675, 678 (9th Cir. 1984) (quoting <u>Imbler</u>, 424 U.S. at 430-431). Likewise, the

2    allegations made by Plaintiff against Defendant Sharon Hayden for discussing Plaintiff's case

3    with Judge Philips and recommending a five year sentence, represent actions taken in her role

4    as a King County Prosecutor and therefore she is absolutely immune from liability for damages

5    in this action.

6         Finally, "probation officers preparing reports for the use of state courts possess an

7    absolute judicial immunity from damage suits under [§] 1983 arising from acts performed

8    within the scope of their official duties." <u>Demoran v. Witt</u>, 781 F.2d 155, 157 (9th Cir. 1986).

9    Therefore, the allegations made by Plaintiff against Defendant Heather Scwall appear to arise

10   from acts she performed within the scope of her official duties apparently supervising the

11   Plaintiff's probation as a Probation Officer for King County. Accordingly, she is immune from

12   liability for damages in this § 1983 action.

13   **B. Plaintiff's action is barred by <u>Heck v. Humphrey</u>.**

14        Where a prisoner challenges the fact or duration of his confinement, his sole federal

15   remedy is a writ of habeas corpus, to which the exhaustion requirement applies. <u>Preiser v.</u>

16   <u>Rodriguez</u>, 411 U.S. 475, 489-90 (1973); <u>Young v. Kenny</u>, 907 F.2d 874, 875 (9th Cir. 1990),

17   cert. denied, 498 U.S. 1126 (1991). In <u>Heck v. Humphrey</u> , 512 U.S. 477 (1994), the United

18   States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a

19   plaintiff's conviction or confinement does not accrue "unless and until the conviction or

20   sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas

21   corpus." <u>Id</u>. at 489. Plaintiff has failed to demonstrate that his claims against are not barred by

22   <u>Heck</u> or that he has exhausted his available state remedies. The allegations set forth in the

23   Complaint and Amended Complaint arise out of a criminal investigation of Plaintiff and his

24   subsequent prosecution. Therefore, Plaintiff's claim is barred by <u>Heck</u> and should be dismissed

25   because a decision on these claims would call into question the validity of Plaintiff's present

26   confinement, not the conditions of his confinement are required by § 1983.

27

28

# III. CONCLUSION

For the reasons set forth above, I recommend that this action be DISMISSED without prejudice pursuant to § 1915(e)(2) for failure to state a claim upon which relief can be granted.

DATED this 12 day of January, 2001.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4